UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT # 53354
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 1-23-04

MALDEN MILLS INDUSTRIES, INC. and )
ADS PROPERTIES CORP., )
                                  )
        Plaintiffs,               ) CIVIL ACTION NO.
                                  )
    v.                            )
                                  )
RUSSELL CORPORATION and           ) 04 cv 10148 JLT
RUSSELL ASSET MANAGEMENT, INC.,   )
                                  )
        Defendants.               ) MAGISTRATE JUDGE Alexander
_____  ) JURY TRIAL REQUESTED

## COMPLAINT

Plaintiffs Malden Mills Industries, Inc. ("Malden Mills") and ADS Properties Corp. ("ADS") (hereinafter referred to collectively as "Plaintiffs" or "Malden Mills"), through their attorneys, Testa, Hurwitz & Thibeault, LLP, for their Complaint against Russell Corporation and Russell Asset Management, Inc. (hereinafter referred to collectively as "Defendants" or "Russell"), allege as follows:

## JURISDICTION AND VENUE

1.    This is an action under the federal Trademark Act, 15 U.S.C. § 1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §§ 1114, 1119, and 1125, for trademark infringement, cancellation of registrations, false designation of origin, false description or representation, and related unfair competition. Plaintiffs assert claims under the common law and under chapters 110B and 93A of the Massachusetts General Laws for trademark infringement, dilution, and unfair competition, and they also assert a claim for breach of contract.

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court also has jurisdiction pursuant to 15 U.S.C. § 1121(a) and the doctrine of supplemental jurisdiction.

1

3.  Venue is proper under 28 U.S.C. §§ 1391(b) and (c) in that, upon information and belief, Defendants are subject to personal jurisdiction in the Commonwealth of Massachusetts and/or the wrongful acts committed by Defendants occurred in and are causing injury in the Commonwealth of Massachusetts.

## THE PARTIES

4.  Plaintiff Malden Mills is a Delaware corporation having an address at 46 Stafford Street, P.O. Box 809, Lawrence, Massachusetts 01842.

5.  Plaintiff ADS Properties Corp. is a Delaware corporation having an address at 76 St. Paul Street, Suite 500, Burlington, Vermont 05401.

6.  Plaintiff ADS is a wholly-owned subsidiary of Plaintiff Malden Mills.

7.  Upon information and belief, Defendant Russell Corporation is an Alabama corporation with headquarters at 3330 Cumberland Boulevard, Suite 800, Atlanta, Georgia 30339.

8.  Upon information and belief, Defendant Russell Asset Management, Inc. is a Delaware corporation with offices at 300 Delaware Avenue, Suite 1271, Wilmington, Delaware 19801. Upon information and belief, Defendant Russell Asset Management, Inc. is a subsidiary of Defendant Russell Corporation.

## PLAINTIFFS AND PLAINTIFFS' TRADEMARKS

9.  Plaintiff Malden Mills is the inventor of polyester fleece and is the largest supplier of fleece products to the outdoor market. In 1999, <u>Time Magazine</u> named Plaintiff Malden Mills' invention of polyester fleece one of the top inventions of the twentieth century. Plaintiffs own over thirty issued patents and applications for their fleece and related products in the United States alone.

10. Plaintiffs market their fleece products under a number of brands, the most famous of which are their POLARFLEECE® and POLARTEC® trademarks, which they have been using for twenty-four and thirteen years, respectively. POLARFLEECE® and POLARTEC® are among the most well-known and famous brand names for fabric used in outdoor and sports apparel, as well as household accessories, including blankets.

11. Plaintiff Malden Mills operates a substantial licensing program, selling its specialty fabrics and textiles to reputable licensees who are authorized to design, manufacture, distribute, and market wearing apparel and household accessories under Plaintiffs'. brands. Malden Mills has brand partners in more than fifty countries who use Plaintiffs' fabrics in their products. Among Malden Mills' licensees are many of the most respected apparel brands in the world, including L.L. Bean®, Lands' End®, Eddie Bauer®, Patagonia®, Nike®, The North Face®, Polo RLX®, Timberland®, Marmot®, Mountain Hardwear®, 180°s®, and Insport®. Some of Malden Mills' business comes from the U.S. military, for which it continues to develop a variety of innovative fabrics that help keep the U.S. military the best-equipped in the world. Plaintiffs' fabrics received one of the highest soldier approval ratings ever. Malden Mills also sells its fabrics and garments at its own factory store.

12. Malden Mills advertises its products in the Commonwealth of Massachusetts and throughout the world by means of various tags, promotional materials, catalogues, magazines, and similar types of printed literature, as well as over the Internet through its own web sites at <www.maldenmillsstore.com> and <www.polartec.com> and at the web sites of its licensees.

13. Over the past decade, Aaron Feuerstein of Malden Mills has been featured in numerous television programs, including <u>Chronicle</u>, <u>60 Minutes</u>, and <u>CBS Evening News</u>. Mr. Feuerstein was featured in the 25th anniversary issue of <u>Outdoor Magazine</u> (Spring 2003) as one of the twenty-five most influential people in the outdoor industry.

14. At least as early as 1997, and prior to the acts of Defendants complained of herein, Plaintiff Malden Mills adopted and used in commerce the inherently distinctive designation and trademark "POWER DRY" for and in connection with textile fabrics for use in the manufacture of clothing, apparel, and other items ("Products"). Such use has been continuous since that time.

15. At least as early as 1994, and prior to the acts of Defendants complained of herein, Plaintiff Malden Mills adopted and used in commerce the inherently distinctive designation and trademark "POWER STRETCH" (together with POWER DRY, the "POWER DRY® and POWER STRETCH® Trademarks") for and in connection with the Products. Such use has been continuous since that time.

16. Plaintiffs have registered the POWER DRY® and POWER STRETCH® Trademarks in the United States Patent and Trademark Office and in over twenty-four

jurisdictions throughout the world. In the United States, Plaintiffs own the following registrations related to the POWER DRY® and POWER STRETCH® Trademarks:

| Trademark Registration | Registration Number | Owner |
|---|---|---|
| POWER DRY | 2,112,494 | Malden Mills Industries, Inc. |
| POWER STRETCH | 1,937,228 | ADS Properties Corp. |
| POWER STRETCH-RX | 2,486,100 | ADS Properties Corp. |

17.  Plaintiff Malden Mills is the exclusive licensee of the above-listed registrations that are owned by Plaintiff ADS. True and correct copies of the Certificates of Registration for Plaintiff's Reg. Nos. 2,112,494, 1,937,228, and 2,486,100 are attached hereto as composite Exhibit A.

18.  Plaintiffs' Reg. Nos. 2,112,494 and 1,937,228 have become incontestable, pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and, accordingly, constitute conclusive evidence of the validity of the registered marks, Plaintiffs' ownership of the marks, and Plaintiffs' exclusive right to use the POWER DRY® and POWER STRETCH® Trademarks in commerce in connection with the goods specified in the Certificates of Registration. True and correct copies of the Notices of Acceptance of Section 8 Affidavits and Notices of Acknowledgement of Section 15 Affidavits for Plaintiff's Reg. Nos. 2,112,494 and 1,937,228 are attached hereto as composite Exhibit B.

19.  Since prior to the acts of Defendants complained of herein, Plaintiffs have achieved wide-spread and substantial sales of their products designated by the POWER DRY® and POWER STRETCH® Trademarks throughout the United States, including the Commonwealth of Massachusetts, and worldwide.

20.  The POWER DRY® and POWER STRETCH® Trademarks are and have been so commonly used by Plaintiffs and others to identify Plaintiffs' products that said products are now and, since prior to the acts of Defendants complained of herein, have been generally known among the trade and the public by the POWER DRY® and POWER STRETCH® Trademarks.

21.  The POWER DRY® and POWER STRETCH® Trademarks appear on tags, labels, hangtags, and other point-of-purchase displays for clothing and other apparel (made from the licensed fabric) that are manufactured and sold by Plaintiffs' licensees of the POWER DRY® and POWER STRETCH® Trademarks. Photographs of garments bearing the POWER DRY® and POWER STRETCH® Trademarks are attached hereto as composite Exhibit C.

## DEFENDANTS' ACTIVITIES

22.    According to Defendants' web site, Russell is an international apparel company specializing in active wear, casual wear, and athletic uniforms.

23.    Subsequent to Plaintiffs' adoption and use of the POWER DRY® and POWER STRETCH® Trademarks in commerce, Defendant Russell Asset Management, Inc. filed an application and obtained a U.S. registration for the designation DRI-POWER for "clothing, for men, women and children, namely, pants, tops, t-shirts, tank tops, shirts, shorts, athletic uniforms, polo shirts, sports bras, athletic jerseys, jackets," United States Registration No. 2,754,018 (the "'018 Registration").

24.    Subsequent to Plaintiffs' adoption and use of the POWER DRY® and POWER STRETCH® Trademarks in commerce, Defendant Russell Asset Management, Inc. filed an application and soon will obtain a registration for the designation STRETCH POWER[1] for "clothing, for men, women and children, namely, wind resistant suits, tunics, pants, tops, t-shirts, tank tops, shirts, shorts, athletic uniforms, polo shirts, sports bras, athletic jerseys, sweatpants, sweatshirts, wrist brands, jackets, parkas and socks," United States Application Serial No. 76/330,789 (the "'789 Application").

25.    Upon information and belief Defendant Russell Corporation is a licensee of Defendant Russell Asset Management, Inc.'s rights to the DRI-POWER and STRETCH POWER trademarks and related registrations and applications.

26.    Subsequent to Plaintiffs' adoption and use of the POWER DRY® and POWER STRETCH® Trademarks in commerce, one or both of the Defendants licensed the DRI-POWER and STRETCH POWER marks (the "Accused Trademarks") or commenced the manufacture, distribution, and/or sale in commerce of clothing and apparel bearing the Accused Trademarks. Copies of pages from Defendant Russell Corporation's web site located <www.russellathletic.com>, which display clothing and apparel bearing the Accused Trademarks, are attached hereto as composite Exhibit D.

27.    Since 1998, Defendant Russell Corporation has been a licensee of Plaintiff Malden Mills. The license covers Plaintiffs' POLARFLEECE® trademark. Defendants never

---

[1] On its web site at <www.russellathletic.com>, Defendant Russell Corporation uses the mark as "STRETCH-POWER," with a hyphen between "stretch" and "power." "STRETCH POWER," as used herein, refers to both "STRETCH POWER" and "STRETCH-POWER."

5

have been licensed to use the POWER DRY® or POWER STRETCH® Trademarks. A copy of the current license agreement between Plaintiff Malden Mills and Defendant Russell Corporation ("License Agreement") is attached hereto as Exhibit E.

28. In Paragraph 3 of the License Agreement, Defendant Russell Corporation "represents and warrants that it will not, anywhere in the world, adopt or use or apply for the registration of ... any trademark that is confusing similar to a mark adopted or used by Malden Mills or its related entities."

29. Defendant Russell Corporation has adopted, used, and/or applied for the registration of the Accused Trademarks, which are confusingly similar to marks adopted or used by Plaintiff Malden Mills and its related entity Plaintiff ADS Properties Corp., namely the POWER DRY® and POWER STRETCH® Trademarks.

30. As a licensee of Malden Mills, Defendant Russell Corporation, and on information and belief, Defendant Russell Asset Management, Inc., were well aware of Plaintiffs' trademarks in use at the time they adopted the Accused Trademarks.

31. Upon information and belief, Defendants are well aware and, since long prior to the acts of Defendants complained of herein, have been well aware of the goodwill represented and symbolized by the POWER DRY® and POWER STRETCH® Trademarks. Upon information and belief, Defendants have been well aware that the POWER DRY® and POWER STRETCH® Trademarks are recognized widely and relied upon by the public and the trade as identifying Malden Mills and its products and as distinguishing said products from the products of others.

32. Notwithstanding that knowledge, and indeed by reason of such knowledge, Defendants engaged in a deliberate and willful scheme to trade upon and to misappropriate for themselves the goodwill represented and symbolized by the POWER DRY® and POWER STRETCH® Trademarks, by registering, licensing, adopting, or using in commerce the Accused Trademarks.

33. As part of such scheme, one or more of the Defendants use the Accused Trademarks in certain combinations, including "DRI-POWER STRETCH MESH," such that they use Plaintiffs' identical POWER STRETCH® Trademark. A copy of a page from Defendant Russell Corporation's web site located at <www.russellathletic.com> showing such use is attached hereto as Exhibit F.

34. Defendants' use in commerce of the Trademarks is designed, and is calculated, and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the source, origin, or sponsorship of Defendants' products, and to cause consumers mistakenly to believe that Defendants' products are the products of Plaintiffs, or are sponsored, licensed, authorized, or approved by Plaintiffs, all to the detriment of Plaintiffs, the trade, and the public.

35. Defendants' use of the Trademarks is without the license or consent of Plaintiffs.

36. Plaintiffs objected to Defendants' adoption and use of the Accused Trademarks, as well as any registrations and applications therefor, in letters dated January 22, 2003, October 22, 2003, and December 4, 2003. Defendants refused to comply with Plaintiffs' demands to cease and desist use of the Accused Trademarks.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

37. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 36 as if fully set forth herein.

38. With full knowledge and awareness of Plaintiffs' ownership and prior use of the POWER DRY® and POWER STRETCH® Trademarks, Defendants intentionally have used in commerce, and upon information and belief, will continue intentionally to use the Accused Trademarks, which use is likely to cause confusion, or to cause mistake, or to deceive.

39. Defendants' aforesaid acts constitute direct or contributory infringement of Plaintiffs' federally-registered trademarks, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

40. Defendants' aforesaid acts have caused and will cause irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer irreparable injury.

41. Plaintiffs have no adequate remedy at law.

42. Defendants' aforesaid acts have harmed Plaintiffs' reputation and have caused damage to Plaintiffs in an amount to be determined.

43. Defendants' aforesaid acts have unlawfully enriched and benefited Defendants in an amount to be determined.

## COUNT II – CANCELLATION OF REGISTRATIONS

44. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 43 as if fully set forth herein.

45. Defendant Russell Asset Management, Inc. has obtained a registration for DRI-POWER, United States Registration No. 2,754,018, and soon will be issued a registration for STRETCH POWER, Application Serial No. 76/330,789.

46. The DRI-POWER trademark in the '018 Registration is confusingly similar to Plaintiffs' famous POWER DRY trademark, among others, in which Plaintiffs have prior rights.

47. The STRETCH POWER trademark in the '789 Application is confusingly similar to Plaintiffs' famous POWER STRETCH trademark, among others, in which Plaintiffs have prior rights.

48. The goods identified in the '018 Registration and '789 Application are confusingly similar to the goods described in Plaintiffs' Registration Nos. 2,112,494 and 1,937,228, and used in connection with the POWER DRY® and POWER STRETCH® Trademarks.

49. Defendant Russell Asset Management, Inc. is not entitled to continued registration of the '018 Registration, nor registration of the mark in the '789 Application when it issues, pursuant to 15 U.S.C. § 1052(d), because the designations in such registration and application are likely to cause dilution, consumer confusion, mistake, or deception of consumers.

50. Plaintiffs will be damaged by continued registration of the '018 Registration and registration of the '789 Application because Defendant Russell Asset Management, Inc. would have the rights enumerated in 15 U.S.C. § 1057(b) for trademarks that are likely to cause confusion, to cause mistake, or to deceive.

51. Plaintiffs request that registration of the designation in the '018 Registration be cancelled in accordance with 15 U.S.C. § 1119, and that registration of the designation in the '789 Application be cancelled upon its issuance by the United States Patent and Trademark Office.

## COUNT III – FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT

52. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 51 as if fully set forth herein.

53. Defendants intentionally have used and, upon information and belief, will continue to use in commerce the Accused Trademarks, which use constitutes a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiffs, or origin, sponsorship, or approval of Defendants' products by Plaintiffs.

54. Defendants' aforesaid acts constitute direct or contributory unfair competition, false designation of origin, and/or false description or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Defendants' aforesaid acts have caused and will cause irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer irreparable injury.

56. Plaintiffs have no adequate remedy at law.

57. Defendants' aforesaid acts have harmed Plaintiffs' reputation and have caused damage to Plaintiffs in an amount to be determined.

58. Defendants' aforesaid acts have unlawfully enriched and benefited Defendants in an amount to be determined.

## COUNT IV – STATE TRADEMARK INFRINGEMENT

59. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 58 as if fully set forth herein.

60. Defendants' aforesaid acts constitute direct or contributory trademark infringement and unfair competition, all in violation of Plaintiffs' rights under the common law of the Commonwealth of Massachusetts and other states.

61. Defendants' aforesaid acts have caused and will cause irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer irreparable injury.

62. Plaintiffs have no adequate remedy at law.

63. Defendants' aforesaid acts have harmed Plaintiffs' reputation and have caused damage to Plaintiffs in an amount to be determined.

64. Defendants' aforesaid acts have unlawfully enriched and benefited Defendants in an amount to be determined.

## COUNT V – STATE TRADEMARK DILUTION

65. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 64 as if fully set forth herein.

66. The POWER DRY® and POWER STRETCH® Trademarks are distinctive and, through long and extensive use, advertising, marketing, and public awareness, are well-known and possess a high degree of distinctiveness, including in Massachusetts.

67. Defendants' aforesaid acts are likely to cause injury to the business reputation or likely to cause dilution of the distinctive quality of the POWER DRY® and POWER STRETCH® Trademarks under chapter 110B, § 12 of the Massachusetts General Laws.

68. Defendants' aforesaid acts have injured and will continue to injure Plaintiffs' business reputation and/or have diluted and will continue to dilute the distinctive quality of Plaintiffs' Trademarks.

69. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

## COUNT VI – BREACH OF CONTRACT

70. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 69 as if fully set forth herein.

71. Defendant Russell Corporation, directly or indirectly, has adopted, used, and/or applied for the registration of the Accused Trademarks, which are confusingly similar to marks adopted or used by Plaintiff Malden Mills and its related entity Plaintiff ADS Properties Corp., namely the POWER DRY® and POWER STRETCH® Trademarks, all in breach of the License Agreement.

72. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

73. Defendant's acts have caused Plaintiff Malden Mills damage in an amount to be determined.

## COUNT VII – UNFAIR METHODS OF COMPETITION

74. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 73 as if fully set forth herein.

75. Defendants' acts and practices described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawful by chapter 93A of the Massachusetts General Laws, and were committed by Defendants primarily and substantially in the Commonwealth of Massachusetts and in knowing and willful violation thereof.

76. Defendants' aforesaid acts have harmed Plaintiffs' business reputation, severely damaged Plaintiffs' goodwill, and upon information and belief, have unjustly enriched Defendants.

77. Defendants' aforesaid acts have injured and will continue to injure Plaintiffs' business reputation and have diluted and will continue to dilute the distinctive quality of Plaintiffs' Trademarks.

78. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

79. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A. That this Court adjudge that the POWER DRY® and POWER STRETCH® Trademarks have been infringed directly and/or contributorily, as a direct and proximate result of the acts of Defendants as set forth in this Complaint, in violation of Plaintiffs' rights under the Lanham Act, 15 U.S.C. § 1051 et seq., and the common law of the Commonwealth of Massachusetts and other states.

B. That this Court adjudge that Defendants have competed unfairly with Plaintiffs as set forth in this Complaint, in violation of Plaintiffs' rights under the Lanham Act, 15 U.S.C. § 1125(a), chapter 93A of the Massachusetts General Laws, and the common law of the Commonwealth of Massachusetts and other states.

C. That this Court adjudge that Defendants are likely to injure Plaintiffs' business reputation and/or dilute the distinctive quality of the POWER DRY® and POWER STRETCH® Trademarks under chapter 110B, § 12 of the Massachusetts General Laws.

D. That this Court cancel the '018 Registration and cancel any registration that issues from the '789 Application.

E. That this Court adjudge that Defendant Russell Corporation has breached the License Agreement.

F. That Defendants, and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

1) From using the Accused Trademarks, or any designation or trademark similar thereto, in any way, in connection with textile fabrics used in clothing and/or home furnishings, including on or in clothing, apparel, outdoor wear, blankets, or any other related goods or services; and

2) From doing any other act or thing likely to cause the public or the trade mistakenly to believe that there is any connection between Defendants and Plaintiffs, or their respective products; and

3) From otherwise infringing or diluting any trademark owned by Plaintiffs or engaging in unfair competition against Plaintiffs.

G. That Defendants be required to deliver up for destruction all products, labels, signs, prints, packages, promotional materials, advertisements, and other written or printed materials that bear the Trademarks, or any trademarks similar thereto.

H. That Plaintiffs recover Defendants' profits and the damages of Plaintiffs arising from Defendants' acts of trademark infringement, false designation of origin, false description or representation, unfair competition, and breach of contract.

I. That this Court treble such amounts awarded as allowed by law.

J. That Plaintiffs recover both pre-judgment and post-judgment interest on each and every award.

K. That Plaintiffs recover their reasonable attorneys' fees incurred in this action, as provided for under federal and state law.

L.  That Plaintiffs have and recover their taxable costs and disbursements incurred in this action.

M.  That Plaintiffs have other and such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

MALDEN MILLS INDUSTRIES, INC. and
ADS PROPERTIES CORP.

By their attorneys,

Dated: January 23, 2004

David J. Byer (BBO #544411)
Jennifer K. Lawson (BBO #650356)
Phi Lan M. Tinsley (BBO #656815)
Testa, Hurwitz & Thibeault, LLP
High Street Tower
125 High Street
Boston, MA 02110
Telephone: 617.248.7000
Facsimile: 617.248.7100

3009673_1