UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 21  P 4: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| MALDEN MILLS INDUSTRIES, INC., ) <br> and ADS PROPERTIES CORP., ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RUSSELL CORPORATION and ) <br> RUSSELL ASSET MANAGEMENT, INC. ) <br> Defendants. ) | CIVIL ACTION No. <br> 04-CV 10148 JLT |

## ANSWER AND JURY DEMAND OF DEFENDANTS RUSSELL CORPORATION AND RUSSELL ASSET MANAGEMENT, INC.

Defendants Russell Corporation ("Russell") and Russell Asset Management, Inc.

("RAM") answer the separately-numbered allegations of the plaintiffs' complaint as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 of the complaint consists wholly of a recitation of the plaintiffs' claims; thus no response is necessary from the defendants. To the extent that a response is necessary, the defendants deny the allegations of paragraph 1 of the complaint.

2. Denied.

3. Denied.

### THE PARTIES

4. The defendants lack the information necessary to admit or deny the allegations of paragraph 4 of the complaint, and call upon the plaintiffs to prove the same, if material.

5. The defendants lack the information necessary to admit or deny the allegations of paragraph 5 of the complaint, and call upon the plaintiffs to prove the same, if material.

6. The defendants lack the information necessary to admit or deny the allegations of paragraph 6 of the complaint, and call upon the plaintiffs to prove the same, if material.

7. Admitted.

8. Admitted.

## PLAINTIFFS AND PLAINTIFFS' TRADEMARKS

9. The defendants lack the information necessary to admit or deny the allegations of paragraph 9 of the complaint, and call upon the plaintiffs to prove the same, if material.

10. The defendants lack the information necessary to admit or deny the allegations of the first sentence of paragraph 10 of the complaint, and call upon the plaintiffs to prove the same, if material. The second sentence of paragraph 10 is denied.

11. The defendants lack the information necessary to admit or deny the allegations of paragraph 11 of the complaint, and call upon the plaintiffs to prove the same, if material.

12. The defendants lack the information necessary to admit or deny the allegations of paragraph 12 of the complaint, and call upon the plaintiffs to prove the same, if material.

13. The defendants lack the information necessary to admit or deny the allegations of paragraph 13 of the complaint, and call upon the plaintiffs to prove the same, if material.

14. Denied.

15. Denied.

16. The defendants lack the information necessary to admit or deny the allegations of paragraph 16 of the complaint, and call upon the plaintiffs to prove the same, if material.

17. The defendants lack the information necessary to admit or deny the allegations of paragraph 17 of the complaint, and call upon the plaintiffs to prove the same, if material.

18. The first sentence of paragraph 18 of the complaint consists solely of alleged statements of law; therefore no response is necessary by the defendants. To the extent that a response is necessary, the defendants deny the allegations of the first sentence of paragraph 18. The defendants lack the information necessary to admit or deny the allegations of the second sentence of paragraph 18 of the complaint, and call upon the plaintiffs to prove the same, if material.

19. The defendants lack the information necessary to admit or deny the allegations of paragraph 19 of the complaint, and call upon the plaintiffs to prove the same, if material.

20. Denied.

21. The defendants lack the information necessary to admit or deny the allegations of paragraph 21 of the complaint, and call upon the plaintiffs to prove the same, if material.

## DEFENDANTS' ACTIVITIES

22. Admitted.

23. The defendants admit that RAM filed an application and obtained a U.S. registration for the designation DRI-POWER for "clothing, for men, women and children, namely, pants, tops, t-shirts, tank tops, shirts, shorts, athletic uniforms, polo shirts, sports bras, athletic jerseys, jackets" (U.S. Reg. No. 2,754, 018). The defendants deny the remaining allegations of paragraph 23 of the complaint.

24. The defendants admit that RAM filed an application and soon will obtain a registration for the designation STRETCH POWER for "clothing, for men, women, and children, namely, wind resistant suits, tunics, pants, tops, t-shirts, tank tops, shirts, shorts, athletic uniforms, polo shirts, sports bras, athletic jerseys, sweatpants, sweatshirts, wrist bands, jackets,

3

parkas and socks" (Serial No. 76/330,789). The defendants deny the remaining allegations of paragraph 24 of the complaint.

25. Admitted.

26. The defendants admit that they have commenced the manufacture, distribution and/or sale in commerce of clothing and apparel bearing the DRI-POWER and STRETCH POWER trademarks. The defendants deny the remaining allegations of paragraph 26 of the complaint.

27. The defendants admit that Russell has been a licensee of plaintiff Malden Mills since 1998. With respect to the remaining allegations of paragraph 27 of the complaint, the defendants state that the license agreement speaks for itself.

28. In response to paragraph 28 of the complaint, the defendants state that the license agreement speaks for itself.

29. Defendant Russell admits that it has adopted and used the DRI-POWER and STRETCH POWER trademarks. The defendants deny the remaining allegations of paragraph 29 of the complaint.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. The defendants admit that they have used their DRI-POWER and STRETCH POWER trademarks without the license or consent of the plaintiffs. The defendants deny the implication that the defendants need the consent of the plaintiffs in order to do so.

4

36. The defendants admit that the plaintiffs sent letters dated January 22, 2003, October 22, 2003, and December 4, 2003. The defendants further state that those letters speak for themselves. The defendants admit that they refused to comply with plaintiffs' unwarranted demands to cease and desist.

COUNT I - FEDERAL TRADEMARK INFRINGEMENT

37. The defendants repeat and reallege their responses to paragraphs 1 through 36 of the complaint.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

COUNT II - CANCELLATION OF REGISTRATIONS

44. The defendants repeat and reallege their responses to paragraphs 1 through 43 of the complaint.

45. Admitted.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

5

51. Denied.

## COUNT III - FALSE DESIGNATION, DESCRIPTION AND REPRESENTATION UNDER THE LANHAM ACT

52. The defendants repeat and reallege their responses to paragraphs 1 through 51 of the complaint.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT IV - STATE TRADEMARK INFRINGEMENT

59. The defendants repeat and reallege their responses to paragraphs 1 through 58 of the complaint.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## COUNT V - STATE TRADEMARK DILUTION

65. The defendants repeat and reallege their responses to paragraphs 1 through 64 of the complaint.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## COUNT VI - BREACH OF CONTRACT

70. The defendants repeat and reallege their responses to paragraphs 1 through 69 of the complaint.

71. Denied.

72. Denied.

73. Denied.

## COUNT VII - UNFAIR METHODS OF COMPETITION

74. The defendants repeat and reallege their responses to paragraphs 1 through 73 of the complaint.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred due to laches and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred due to acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because the plaintiffs have abandoned their trademarks.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because the plaintiffs do not utilize their trademarks in commerce.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because the defendants' use of their own trademarks is not likely to cause confusion with respect to any use of the plaintiffs' trademarks.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' damages claims fail because the parties do not sell competing goods.

## NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claim to cancel RAM's application for STRETCH POWER is barred as premature.

## TENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because the plaintiffs' marks are not distinctive and have not been diluted.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' claim under G.L. c. 93A is barred because the actions complained of by the plaintiffs did not take place primarily and substantially in Massachusetts.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because all actions taken by the defendants were for legitimate business purposes.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because defendants' actions were neither wrongful nor improper.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because plaintiffs' alleged trademarks are too weak to have any trademark significance.

WHEREFORE, defendants Russell Corporation and Russell Asset Management, Inc. respectfully request that this Court, after hearing:

1. Dismiss with prejudice all claims within the complaint;

2. Award the defendants their costs and attorneys fees incurred in defending this action; and

3. Award such further relief as the Court deems just and appropriate.

9

## JURY DEMAND

The defendants demand a trial by jury on all issues so triable.


RUSSELL CORPORATION and
RUSSELL ASSET MANAGEMENT, INC.,
By its attorneys,


Robert R. Pierce (BBO#549172)
Thomas E. Kenney (BBO#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444

10

<u>CERTIFICATE OF SERVICE</u>

I, Thomas E. Kenney, hereby certify that on this 21st day of May, 2004, I served the foregoing defendants' answer and jury demand upon the following counsel of record by U.S. Mail, postage prepaid:

David J. Byer, Esq.
Testa Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110

Thomas E. Kenney