UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MALDEN MILLS INDUSTRIES, INC. and ADS PROPERTIES CORP., <br><br> Plaintiffs, <br><br> v. <br><br> RUSSELL CORPORATION and RUSSELL ASSET MANAGEMENT, INC., <br><br> Defendants. | Case Number 04cv10148JLT |

## JOINT STATEMENT

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P. 26(f)") and Rule 16.1 of the Local Rules of the United States District Court for the District of Massachusetts ("LR 16.1"), Malden Mills Industries, Inc. and ADS Properties Corp. ("Plaintiffs") and Russell Corporation and Russell Asset Management, Inc. ("Defendants") have conferred and submit the following Joint Statement for the initial scheduling conference to be held on January 5, 2005.

I.      Matters To Be Discussed At Conference.

The parties will appear prepared to discuss the following issues: a proposed pretrial schedule for the case that includes a plan for discovery and deadlines and the need for a protective order to govern the exchange of confidential information between the parties.

II.   Discovery Plan and Schedule.

   A.   Discovery Limitations.

   The parties agree to the discovery limits set forth in the Federal and Local Rules.

   B.   Discovery Schedule.

   The parties have agreed to the following schedule for discovery and pretrial litigation:

   1. Prior to this date, the parties have provided to each other a preliminary set of the disclosures required by Fed. R. Civ. P. 26 (a)(1), which disclosures shall be supplemented on or before January 15, 2005, if necessary.

   2. Any proposed amendments to the pleadings shall be served and filed on or before February 21, 2005.

   3. Initial requests for written fact discovery shall be served on or before February 21, 2005, and compliance with such requests shall take place within the time prescribed under the Federal and Local Rules. No requests for written fact discovery shall be served without permission of the Court after May 20, 2005.

   4. All fact depositions shall be noticed and completed on or before July 8, 2005.

   5. The party with the burden of proof on any relevant issue shall identify its expert witnesses, if any, on such issues shall be identified on or before July 8, 2005.

   6. Expert reports on such issues shall be served on or before August 4, 2005.

   7. Rebuttal experts shall be identified on or before August 4, 2005. Expert rebuttal reports, if any, shall be served on or before September 5, 2005.

   8. Expert discovery shall be completed on or before October 7, 2005.

   9. Dispositive motions shall be filed on or before November 19, 2005.

10. A settlement conference, to be attended by counsel and, in the discretion of the Court, the principals, shall be held after initial written fact discovery is complete, but not later than April 22, 2005, or such other time ordered by the Court.

11. Case management conferences shall take place at such times that may be requested by counsel and ordered by the Court. The final pretrial conference shall take place 30 days following a ruling on any dispositive motions or December 30, 2005, whichever is later.

12. All dates set forth herein may be modified by written agreement of the parties and approval of the court, or upon motion to the Court for good cause shown.

III.     <u>Persons or Entities that Parties Seek to Depose</u>.

Plaintiffs expect to depose the following persons or entities:

1. Currently unidentified representative(s) of Defendants with knowledge of at least the following subjects: agreements between Russell and Malden Mills; design, selection, and clearance of Defendants' marks; registration of Defendants' marks; ownership of Defendants' marks; use of Defendants' marks; Defendants' channels of trade; Defendants' channels of advertising; pricing of Defendants' products; any evidence of actual confusion between the parties' products; all agreements between the parties; all conversations between the parties concerning the marks at issue.

2. Currently unidentified licensees and third-party sellers of Defendants' products bearing the marks at issue.

3. Confused actual or potential purchasers.

4. Any expert retained by Defendants.

Defendants seek to depose the following persons or entities:

1. Currently unidentified representative(s) of plaintiffs with knowledge of at least the following subject: agreements between Russell and Malden Mills; design selection, and clearance of plaintiffs' marks; registration of plaintiffs' marks; ownership of plaintiffs' marks; use of plaintiffs' marks; plaintiffs' channels of trade; plaintiffs' channels of advertising; pricing of plaintiffs' products; revenues and profits derived from plaintiffs' sales of plaintiffs' products; any evidence of actual confusion between the parties' products; 3rd party users of similar marks; all agreements between the parties; all conversations between the parties concerning the mark at issue.

2. Currently unidentified licensees and third-party sellers of plaintiffs' products bearing the marks at issue.

3. Confused actual or potential purchaser.

4. Any expert retained by plaintiffs.


IV.  Settlement Proposal.

Plaintiffs have presented their settlement proposal to Defendants pursuant to Rule 16.1(c).

V.  Trial by Magistrate Judge.

At this time, the parties do not consent to trial by a Magistrate Judge.

VI.  Filing of Motions.

There are no pending motions before the Court.

The parties will consult with the goal of submitting to the Court a Stipulated Motion for Entry of a Protective Order. Should the parties fail to agree on the form of such an Order, they will submit a motion to the Court to resolve any differences.

The parties agree that any motions shall be filed and served in accordance with the Federal Rules of Civil Procedure and the Local Rules.

VI.    Budget and Alternative Dispute Resolution.

Counsel for both parties have conferred with their respective clients concerning establishing a budget for the litigation and the use of alternative dispute resolution and shall file the certifications required pursuant to LR 16.1(D)(3).

DATED:    December 29, 2004

| MALDEN MILLS INDUSTRIES, INC. and ADS PROPERTIES CORP. | RUSSELL CORPORATION and RUSSELL ASSET MANAGEMENT, INC. |
|---|---|
| By their attorneys, | By their attorneys, |
| /s/ David J. Byer | /s/ Robert R. Pierce |
| David J. Byer (BBO #544411) | Robert R. Pierce (BBO #549172) |
| Byer@tht.com | bob@piercemandell.com |
| Jennifer K. Lawson (BBO #650356) | Pierce & Mandell, P.C. |
| Lawson@tht.com | 11 Beacon Street, Suite 800 |
| Phi Lan M. Tinsley (BBO #656815) | Boston, MA 02108-3002 |
| Testa, Hurwitz & Thibeault, LLP | Telephone: (617) 720-2444 |
| High Street Tower | Facsimile: (617) 720-3693 |
| 125 High Street | |
| Boston, MA 02110 | |
| Telephone: 617.248.7000 | |
| Facsimile: 617.248.7100 | |

CERTIFICATE OF SERVICE

I, /s/ Phi Lan Tinsley, certify that a true copy of the above document was served upon the attorney of record for each other party by mail on December 29, 2004.